TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-99-00383-CR







Jeanean Erickson, Appellant



v.



The State of Texas, Appellee







FROM THE COUNTY COURT AT LAW NO. 2 OF HAYS COUNTY


NO. 51,255, HONORABLE LINDA A. RODRIGUEZ, JUDGE PRESIDING







A jury found appellant Jeanean Erickson guilty of driving while intoxicated. See
Tex. Penal Code Ann. § 49.04 (West Supp. 2000). The county court at law assessed punishment
at incarceration for 180 days and a $500 fine, probated. We will affirm.

Appellant's only point of error is that the court erroneously defined "intoxicated"
in its charge. The court instructed the jury that a person is intoxicated within the meaning of the
law "when such person does not have the normal use of his physical or mental faculties by reason
of the introduction of alcohol, a controlled substance, a drug, or a combination of two or more
of these substances into the body." (Italics added.) The charge went on to authorize appellant's
conviction if the jury found that she was intoxicated while operating a motor vehicle at the time
and place in question. The definitional instruction tracks the allegations contained in the
information and roughly conforms with the statutory definition. See id. § 49.01(2)(A). Appellant
objected to the italicized portion of the definition on the ground that, with the application
paragraph, it authorized a conviction on a theory not supported by evidence.

Our review of the trial record confirms that there was no evidence appellant
consumed any intoxicant except alcohol. The State's only witness, the arresting officer, testified
that appellant had the odor of alcoholic beverage about her. Appellant and the other defense
witness testified that she drank a small amount of wine at a party on the night of her arrest. 
Appellant denied using any other intoxicating substance.

Appellant relies primarily on the opinion of this Court in Ferguson v. State, 2
S.W.3d 718 (Tex. App.--Austin 1999, no pet.). In that case, another prosecution for driving while
intoxicated, the court defined "intoxicated" as "not having the normal use of one's physical or
mental faculties by reason of the introduction of alcohol, a controlled substance, a drug, a
substance or its vapors that contain a volatile chemical, an abusable glue, or an aerosol paint, or
a combination of two or more of these substances into the body." See id. at 720. There was no
evidence that the defendant was intoxicated as a result of inhaling a volatile chemical, an abusable
glue, or an aerosol paint. We held that this instruction, which conformed to the information,
erroneously authorized the defendant's conviction on a theory not supported by any evidence and
was, under the circumstances, calculated to injure the defendant's rights. See id. at 723; see also
Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g); Tex. Code Crim.
Proc. Ann. art. 36.19 (West 1981). 

We believe the present cause is distinguishable from Ferguson. In that case, we
acknowledged that the State may allege any manner or means available to prove the offense
charged, but found no indication in the record that the challenged allegations had been made in
good faith. See Ferguson, 2 S.W.3d at 722-23. The prosecutor aggravated the error by telling
the jury during his closing argument that "you can be intoxicated because of alcohol; you can be
intoxicated because of drugs; be intoxicated because of paint; you can be intoxicated just by
combining everything." See id. at 721. We concluded that "[t]he information charging the
offense, the prosecutor's argument, and the record as a whole purposefully and unjustifiably
brought before the jury the matter erroneously included in the jury charge" to which the defendant
had objected. See id. at 723.

In this cause, the information conformed to the statute and did not allege by name
any intoxicating substance for which the State had no evidence. In his closing argument, defense
counsel told the jury that the definition of "intoxicated" in the charge was the statutory definition
and that "[o]bviously we're talking in this case about alcohol." Defense counsel's statement was
confirmed by the prosecutor in his argument, which closed by asking the jury to "find that Ms.
Erickson had lost the normal use of her mental and physical faculties because of all of the wine
and other alcohol she drank at the party." The prosecutor never suggested that the jury could
convict on the basis of a finding that appellant was intoxicated by the use of a controlled substance
or drug, either alone or in combination with another substance.

Having considered the charge in light of the record as a whole, we hold that any
error was not calculated to injure appellant's rights and was harmless. The point of error is
overruled and the judgment of conviction is affirmed. 



 

 J. Woodfin Jones, Justice

Before Justices Jones, Yeakel and Patterson

Affirmed

Filed: March 2, 2000

Publish



>Appellant's only point of error is that the court erroneously defined "intoxicated"
in its charge. The court instructed the jury that a person is intoxicated within the meaning of the
law "when such person does not have the normal use of his physical or mental faculties by reason
of the introduction of alcohol, a controlled substance, a drug, or a combination of two or more
of these substances into the body." (Italics added.) The charge went on to authorize appellant's
conviction if the jury found that she was intoxicated while operating a motor vehicle at the time
and place in question. The definitional instruction tracks the allegations contained in the
information and roughly conforms with the statutory definition. See id. § 49.01(2)(A). Appellant
objected to the italicized portion of the definition on the ground that, with the application
paragraph, it authorized a conviction on a theory not supported by evidence.

Our review of the trial record confirms that there was no evidence appellant
consumed any intoxicant except alcohol. The State's only witness, the arresting officer, testified
that appellant had the odor of alcoholic beverage about her. Appellant and the other defense
witness testified that she drank a small amount of wine at a party on the night of her arrest. 
Appellant denied using any other intoxicating substance.

Appellant relies primarily on the opinion of this Court in Ferguson v. State, 2
S.W.3d 718 (Tex. App.--Austin 1999, no pet.). In that case, another prosecution for driving while
intoxicated, the court defined "intoxicated" as "not having the normal use of one's physical or
mental faculties by reason of the introduction of alcohol, a controlled substance, a drug, a
substance or its vapors that contain a volatile chemical, an abusable glue, or an aerosol paint, or
a combination of two or more of these substances into the body." See id. at 720. There was no
evidence that the defendant was intoxicated as a result of inhaling a volatile chemical, an abusable
glue, or an aerosol paint. We held that this instruction, which conformed to the information,
erroneously authorized the defendant's conviction on a theory not supported by any evidence and
was, under the circumstances, calculated to injure the defendant's rights. See id. at 723; see also
Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g); Tex. Code Crim.
Proc. Ann. art. 36.19 (West 1981). 

We believe the present cause is distinguishable from Ferguson. In that case, we
acknowledged that the State may allege any manner or means available to prove the offense
charged, but found no indication in the record that the challenged allegations had been made in
good faith. See Ferguson, 2 S.W.3d at 722-23. The prosecutor aggravated the error by telling
the jury during his closing argument that "you can be intoxicated because of alcohol; you can be
intoxicated because of drugs; be intoxicated because of paint; you can be intoxicated just by
combining everything." See id. at 721. We concluded that "[t]he information charging the
offense, the prosecutor's argument, and the record as a whole purposefully and unjustifiably
brought before the